UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ROBERT M. HAROUTOONIAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NEWREZ LLC d/b/a SHELLPOINT MORTGAGE SERVICING; THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC., ALTENRATIVE LOAN TRUST 2005-3T1 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-32T1; and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No.: SACV 22-00751 (JDEx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND CASE TO ORANGE COUNTY SUPERIOR COURT [Dkt. 6]** |

-1-

## I. INTRODUCTION & BACKGROUND

On February 23, 2022, Plaintiff Robert M. Haroutoonian filed this action against Defendants Newrez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint");The Bank of New York Mellon f/k/a The Bank of New York, as trustee for the Certificate holders of CWalt, Inc., alternative loan trust 2005-32T1 Mortgage Pass-Through Certificates, Series 2005-32T1 ("BONYM"); and unnamed does alleging violations of California's Rosenthal Act, Business and Professions Code, Homeowner Bill of Rights, and Commercial Code in Orange County Superior Court. (Dkt. 1-1 [State Court Complaint, hereinafter "Compl."].)

On May 20, 2005, Plaintiff took out a consumer loan to finance a property located in Yorba Linda, California. (*Id.* ¶¶ 1, 11, 27.) Defendant Shellpoint is the current loan servicer and Defendant BONYM is the current assignee of the deed of trust securing the loan. (*Id.* ¶ 3.) Due to financial hardship in the summer of 2010, Plaintiff alleges that he was unable to make his scheduled mortgage payments. (*Id.* ¶ 28.) While he was in default, BONYM proceeded to start a non-judicial foreclose on the property. (*Id.*) Plaintiff contends that the assignment of the deed of trust to BONYM that granted the beneficial interest of the mortgage debt obligation is void and, in the alternative, did not include the transfer of the underlying debt Plaintiff owes. (*Id.* ¶ 3.) According to Plaintiff, neither Defendant is an authorized entity to proceed with a non-judicial foreclosure sale due to his default. (*Id.*)

Defendants removed the action to this Court on April 1, 2022. (Dkt. 1 [Notice of Removal].) Plaintiff now moves the Court to remand the action, arguing that Court lacks

subject matter jurisdiction over the lawsuit. (Dkt. 6 [Motion to Remand, hereinafter "Mot."].) For the following reasons, Plaintiff's motion is **DENIED**.[1]

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," and possess "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotations omitted). A civil action brought in state court may only be removed by the defendant if the action could have been brought in federal court originally. 28 U.S.C. § 1441(a). Federal district courts have diversity jurisdiction over suits where more than $75,000 is in controversy and the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a). When a case is removed, the burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*.

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). However, "when a defendant's assertion of the amount in controversy is challenged[,] . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id*.

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for June 6, 2022, at 1:30 p.m. is hereby vacated and off calendar.

## III.  DISCUSSION

Plaintiff argues that the Court lacks jurisdiction because Defendant has failed to establish an amount in controversy over $75,000.  A notice of removal must include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54, (2014).  But where "the plaintiff contests, or the court questions, the defendant's allegation" and "both sides submit proof," the defendant must prove the amount in controversy by a preponderance of the evidence.  *Id.* at 554.

Defendants have shown that this Court has diversity subject matter jurisdiction over this case because complete diversity exists amongst the parties and the amount-in-controversy is met.  28 U.S.C. § 1332(a).  With respect to diversity, Plaintiff is a California citizen.  (Compl. ¶ 11.)  Defendant Shellpoint is a limited liability company organized under the law of Delaware with its principal place of business in Pennsylvania.  (Dkt. 12-1 [Declaration of Jean Knowles in Opposition to Plaintiff's Mot., hereinafter "Knowles Decl."] ¶ 3.)  Shellpoint's sole member, and its member's members, are all Delaware limited liability companies with their principal place of business in New York.  (Opp. at 6–7; Knowles Decl. ¶¶ 4–8.)  Defendant BONYM is a New York state banking institution with its principal place of business in New York.  (*Id.* at 6.)

The amount-in-controversy is a slightly more arduous inquiry because no amount is specified in Plaintiff's initial complaint.  (*See* Compl.)  Since Plaintiff has challenged Defendants' assertion of the amount-in-controversy (Mot. at 4–5), Defendants have the burden to produce evidence that the amount-in-controversy exceeds $75,000 by a preponderance of the evidence.  *Dart Cherokee*, 135 S. Ct. at 553.

Defendant argues that the crux of Plaintiff's Complaint is that BONYM, the assignee of the deed of trust, does not have the right to invoke the power of sale to foreclose on the property because the assignment of the deed of trust to BONYM is allegedly void and unenforceable. (*See e.g.*, Compl. ¶¶ 3, 28–37, 55–58, 66, 74–82, 84–88, 90–91.) Plaintiff seeks declaratory relief that he does not owe money to Defendants, that they have no right to collect the debt or enforce the deed of trust, and a permanent injunction prohibiting Defendants from proceeding with the nonjudicial foreclosure sale of the property. (*See* Compl., Prayer for Relief.)

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart*, 281 F.3d 837, 840 (9th Cir. 2002) (internal citations omitted). It is clear from Plaintiff's Complaint that the object of the litigation in this action is the deed of trust since Plaintiff seeks an order barring Defendants from enforcing it and a permanent injunction preventing Defendants from proceeding with a foreclosure sale. *See Reyes v. Wells Fargo Bank, N.A.*, 2010 WL 2629785, at *4 (N.D. Cal. June 29, 2010) ("If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation.").

To measure the value of the loan for jurisdictional purposes, the Ninth Circuit has held that the amount in controversy requirement is met where "the whole purpose of [the] action is to foreclose the Bank from selling [the property] in the manner contemplated," and the market value and the outstanding interest on the property exceeds the jurisdictional limit. *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973). Courts have also held that "in actions seeking to enjoin residential foreclosures the amount in controversy may be based on the outstanding amount of the loan or the value of the property." *Mouri v. Bank of N.Y. Mellon*, 2014 U.S. Dist. LEXIS 170365 (C.D. Cal. Dec. 9, 2014).

Here, Defendant submits evidence that the amount required to pay off the Loan is at least $2,440,198.55, easily exceeding the jurisdictional threshold. Indeed, Defendant submitted along with its opposition: (1) a declaration from an agent of Shellpoint; (2) a copy of a mortgage statement dated February 16, 2022 prepared by Shellpoint for Plaintiff's loan; and (3) a copy of a payoff quote dated March 4, 2022 for the loan. (Knowles Decl. ¶¶ 12–13, Exhibit 1 [February 16, 2022 Mortgage Statement], Exhibit 2 [March 4, 2022 Payoff Quote].) The mortgage statement provides that the amount required to bring Plaintiff's loan current as of February 16, 2022 was approximately $278,496.75. (*Id.* ¶ 12, Ex. 1.) The payoff quote provides that as of March 4, 2022, Plaintiff was required to pay $2,440,198.55 to payoff the loan in its entirety. (*Id.* ¶ 13, Ex. 2.) Plaintiff has not made a payment on the loan since the issuance of the mortgage statement in February 2022. (*Id.* ¶14.) Plaintiff presents no evidence to counter these propositions in his opening papers nor in his reply. (*See generally* Mot., Dkt. 18 [Plaintiff's Reply ISO Mot.].) Defendants have therefore met their burden to show that the amount in controversy is met and this Court has diversity jurisdiction over the action.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **DENIED**.

DATED:   June 2, 2022

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE